United States District Court For The
Northern District Of California

Mr. Perry Harrington
    Petitioner, Pro-Se

        V.                           Case No:

Warden Ciolli,
    Respondent

## Motion Under 28 USC § 2241

## Introduction:

In support of the foregoing motion under 28 USC § 2241, Harrington will first of all inform this Honorable Court that he is unskilled and is a layman at the Profession of Law, and would therefore ask that this Honorable Court recognize the standards set forth by United States Supreme Court in "Haines v. Kerner, 404 US 519, 92 S.Ct 594, 30 L.Ed. 2d 652 (1972), and in doing so, NOT hold the petitioner to the rigid standards of a Professional Legal Litigator.

## Purpose Of This Motion:

United States v. Roth, 966 F.3d 642 (7th Cir. 2020), is new precedent in the Seventh Circuit that disqualifies Illinois state "Cocaine" prior drug convictions from being used as "serious drug offense" predicates to enhance Federal statutory sentences under the § 841(a)(1) and § 841(b)(1) by use of § 851 statute. This ruling of statutory interpretation declares that Perry Harrington is actually innocent of a predicate crime, and that he is thus actually innocent of the mandatory sentencing

Page 1 of 25

enhancement of §841(b)(1)(b) and §841(b)(1)(c) by the use of §851 statue. All of Harrington's current sentences are beyond the statutory amount prescribed by Congress, therefor are contrary to the law.

Procedural History:

In the Peoria Federal Court Building, in the Central District of Illinois, case number 12-10118, Perry Harrington was found guilty by a jury trial on June 5, 2013, on seven (7) separate counts of distributing cocaine base and cocaine, and possession with intent to distribute cocaine base.

Count One in violation of 21 USC §841(b)(1)(c);

Count Two in violation of 21 USC §841(b)(1)(c);

Count Three in violation of 21 USC §841(b)(1)(c);

Count Four in violation of 21 USC §841(b)(1)(b);

Count Five in violation of 21 USC §841(b)(1)(c);

Count Six in violation of 21 USC §841(b)(1)(b);

Count Seven in violation of 21 USC §841(b)(1)(c).

On September 5, 2014, Harrington's case proceeded to sentencing. The Pre-Sentence Investigation Report found Harrington accountable for 25 grams of Cocaine and 150 grams of Cocaine Base. This placed the base level offense subtotal at 28, at category VI, subjected to a guideline sentence range of 140 to 175 months in prison with a supervised release term of four-years as prescribe by the §841(b)(1) statue.

The Pre-Sentence Investigation Report also stated that Harrington had at least two prior felony drug offenses. The prior Illinois felony drug offense convictions were:

Case Number - 2000 CF 1113; 720 ILCS 570/401(c)(2); Unlawful Possession with Intent to Deliver a Controlled Substance - Cocaine.

Case Number - 2006 CF 791; 720 ILCS 570/401(a)(7)(A); Unlawful Possession of a Controlled Substance with Intent to Deliver - Cocaine.

These predicate felony drug offenses were used for a mandatory sentence enhancement under the §841(a)(1) and §841(b)(1) statue with a "Career Offender" classification. This subjected Harrington to a mandatory increase in the minimum and maximum sentence available because of being sentenced under the mandatory sentence enhancements of §841(a)(1) and §841(b)(1) statues.

This increased the sentence range on five of Harrington's convictions from 0 to 20 years in prison with a maximum term of supervised release of three-years, up to 0 to 30 years in prison with an increased term of supervised release of six years, on the convictions classified under §841(a)(1) and 21 USC §841(b)(1)(c).

This also increased the sentence range of two convictions from 5 to 40 years in prison with a maximum term of supervised release of four-years, up to 10 years to Life in prison with an increased term of supervised release of eight-years, for the convictions classified under §841(a)(1) and 21 USC §841(b)(1)(b).

The adjusted mandatory offense level guideline for a person sentenced under §841(a)(1) and §841(b)(1) by the use of §851 statue classified as a "Career Offender" is a level 37 under category VI. (Without the use of the predicate felony drug convictions as enhancements under §851, the §841 with Career Offender sentence can fall under multiple different sentencing category guidelines of punishment.)

The §841 and 21 USC §851 statue mandatory enhancement combined with the Career Offender classification placed Harrington's sentence guideline range at 360 months to Life in prison, with a mandatory increased amount of supervised release of eight-years on two counts, and increased supervised release of six-years on five counts. These prison terms are more than the statutory maximum for five of the convictions, and the supervised release sentence term is more than the statutory maximum on all seven counts without the use of §841(b)(1) predicate enhancement under the statue.

According to the sentencing transcript on page 48 line 22, through page 49 line 5, the prosecutor stated "given he's a career offender, as an alternative finding, the Court could make a rule 32 finding since, ultimately, the relevant conduct is not driving the advisory sentencing guideline. So the Court does not have to consider" the defendants conduct. Therefore limiting the Judges discretion to a particular sentence.

Harrington did attempt to object at sentencing to being sentenced under the mandatory 21 USSG § 851 statute with the career offender status on page 55 line 4, through page 57 line 11, under *Alleyne v United States*; 570 US 99, 103, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013), ruling that "facts that increase the mandatory minimum are elements and must be submitted to the jury and found beyond a reasonable doubt." In particular page 56 line 18, the prosecutor stated "As far as the 851 notice, he has four prior felony drug convictions, which increases his maximum for all counts and, requires the mandatory minimum for two counts."

In spite of the objection, the use of the predicate offenses to increase the mandatory minimum of the sentences should have been reviewed by the Court in detail because they are elements to increase the sentence. Disputing this very element of the predicate offenses in Harrington's sentence, in hindsight would succeed by current case law. On page 57 line 9, the objection was noted and denied.

Harrington again tried to object to the § 851 on page 115 line 17, but this was ignored. The mandatory minimum and maximum increase of the § 841 (b)(1) statute was a limiting statutory factor that altered the Courts discretion at sentencing. This did alter the substantive reach of the federal § 841 (b)(1) statute, which affected the fundamental fairness and accuracy of sentencing in the criminal proceedings.

The application of Harrington's criminal history as predicate offenses was a major influencing role of the § 841 statute in his sentence. The Court sentenced Harrington under the mandatory 21 USSG § 841 (b)(1)(b) and 21 USSG § 841 (b)(1)(c) enhancements by the use of 21 USSG § 851 statute, with classification of a career offender to a term of 360 months in prison on all seven (7) separate counts, to be ran concurrent.

Also during sentencing the Court, by the use of the mandatory 21 USSG § 851 statute, increased the statutory supervised release sentence on ALL seven counts of conviction.

Sentencing transcript page 108 line 5, through line 8 states "Following your release from custody, serve an eight-year term of supervised release on counts 4 and 6; a six-year term on counts 1, 2, 3, 5, and 7, all to run concurrent with each other." These are all above the statutory maximum Congress prescribed by law in 21 USC § 841(b)(1)(b) and 21 USC § 841(b)(1)(c) without the predicate 21 USC § 851 enhancement.

A direct appeal was filed in the Seventh Circuit Court of Appeals, case number 14-3010. On appeal Harrington was represented by appointed counsel. During the appeal process Harrington did attempt to supplement the record himself, with concerns of his enhanced sentence which could have been reviewed under the plain error standard. Counsel disputed Harrington's challenge to his sentence as "frivolous and contrary to the law" on the record. Seventh Circuit Court of Appeals Case number 14-3010, Document 35 page 6, filed July 9-2015, which blocked Harrington's further challenge to the enhanced sentence. The appeal was ultimately denied on March 2, 2016.

Harrington did proceed "Pro-Se" to apply for an En Banc hearing in the Seventh Circuit Court of Appeals to rehear the denial of his direct appeal. The request for En Banc was denied.

Harrington further proceeded "Pro-Se" to file a petition to the United States Supreme Court for Writ of Certiorari to appeal the decision denying his direct appeal. Perry Harrington v. United States No. 16-9192. This was ultimately denied on June 19, 2017.

The next step for Harrington was to file a 28 USC § 2255 motion in the Seventh Circuit District Court by June 19, 2018.

On June 18, 2018, the Central District Court of Illinois did receive a 28 USC § 2255 motion from Harrington. District Court case number 1:18-cv-01221-JES. On June 19, 2018, the District Court denied this motion WITHOUT PREJUDICE and Harrington was ordered to amend the motion by July 19, 2018. This denial was made on the exact date of the one year period from the denial of certiorari from the United States Supreme Court. The Court Order of 30 days to amend the motion was beyond the usual one year

filing deadline in a §2255 process, but Harrington did comply with the District Courts order.

On July 19, 2018, the District Court did receive a properly corrected amended §2255 motion from Harrington with an attached notarized eye-witness affidavit and exhibits demonstrating his innocence plus challenging his sentences. 1:18-cv-0221-JES document number 4, was filed within the amended 30 days time frame given by the District Court. The amended motion was denied as UNTIMELY, being it was not filed within the one year of the denial of Harrington's Petition For Writ of Certiorari. The District Court did not address any of the merits in Harrington's §2255 motion prior to the denial on October 3, 2018. The District Court also denied Harrington a Certificate of Appealability. Harrington requested a Certificate of Appealability for his §2255 motion from the Seventh Circuit Court of Appeals, which was also denied.

Any further filings would need to be brought under a second §2255 motion or under the guidelines of a §2241 motion. Since this motion is a claim of "actual innocence" and not based on the Constitution, a motion under a second §2255 claim is inadequate. This motion has to proceed under the guidelines of section 2241.

## JURISDICTION:

Harrington is a federal prisoner currently housed at Atwater USP, in Atwater California. That is the jurisdiction of the United States District Court for the Northern District of California.

Ordinarily, Section 28 USC §2255 as a general rule is the exclusive means for a federal prisoner to attack his conviction. An exception set forth in 2255(e), known colloquially as the savings clause, provides that a federal prisoner may seek habeas relief under §2241 if §2255 is inadequate or ineffective to test the legality of the prisoner's detention, §2255(e). Courts

have held that a remedy under §2255 is inadequate where the prisoner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.

## ACTUAL INNOCENCE:

For §2241 purposes, Harrington does make an "Actual Innocence" claim since he can show that his Illinois convictions were not predicate convictions for mandatory sentencing enhancements under the §841(b)(1)(b) and §841(b)(1)(c) by use of the §851 statue with career offender status. see United States v. Ruth, 966 F.3d 642 (7th Cir.2020). The factual predication for his mandatory sentence enhancement by the use of the §851 statue with career offender status did not exist and he is actually innocent of the enhancement.

Harrington's claim of actual innocence is based on a retroactive change of law, Mathis v. United States, 136 S.Ct. 2243 (2016); and Shular v. United States, 140 S.Ct. 779, 206 L.Ed. 2d (2020), which gave guidance to the Seventh Circuit Court of Appeals to produce a new precedant in United States v. Ruth, 966 F.3d 642 (7th Cir.2020), that transformed Harrington's Illinois cocaine conviction from a predicate crime as a "felony drug offense" conviction, into a non-predicate crime. In other words, Harrington claims that his prior conviction is not a conviction for a predicate crime, that he is therefor actually innocent of a predicate crime, and that he is thus actually innocence of the mandatory sentencing enhancement of §841(b)(1)(b) and §841(b)(1)(c) by the use of §851 statue with career offender status. Harrington is "actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." Allen v. Ives, 950 F.3d 1184 at 1190 (9th Cir. 2019).

Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed. 2d 604 (2016), United States v. Ruth, 966 F.3d 642 (7th Cir.2020) and United States v. Elder,

900 F.3d 491 (7th Cir. 2018), is applicable to Harrington's claim, 720 ILCS 570/401(a)(2)(C) and 720 ILCS 570/402(a)(7)(A) may be overbroad when compared to section 802(34) and its related drug definitions. The Seventh Circuit in "Elder" made clear that the categorical analysis explained in "Mathis" is appropriate method to determine whether a conviction under a particular state statue may serve as a predicate offense to enhance a sentence under 21 USC § 841. see also United States v. DeLa Torre, 940 F.3d 938, 949 (7th Cir. 2019) (applying analysis in Elder and Najera-Rodriguez, 1993 version of 720 ILCS 570/402 (c) is "categorically broader than the federal definition of a "felony drug offense" and can not support a sentence enhancement under 21 USC 841(b)(1)(a) and §851); Najera-Rodriguez v. Barr, 926 F.3d 343 (7th Cir. 2019) (holding that 720 ILCS 570/402(c) is not divisible, includes controlled substances listed in 720 ILCS 570/204(d) that are not included in the federal schedule of controlled substances, and is therefor overbroad).

Harrington has demonstrated "actual innocence" in the sentencing context, with clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found him eligible for the penalty under applicable law.


## UNOBSTRUCTED PROCEDURAL SHOT:

When deciding whether a petitioner has had an unobstructed procedural shot, Courts consider (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal ~~and (2) whether the~~ ~~law~~ and first 28 USC § 2255 motion (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion. If an intervening court decision after a prisoner's direct appeal and first § 2255 motion effects a material change in applicable law, then the prisoner did not have an unobstructed procedural shot to present his claim.

Even with the § 851 objection made at the sentencing hearing, and blocked personal attempts to supplement the record about sentence enhancements challenges during the direct appeal process, Harrington's "Mathis" based enhancement arguments were foreclosed on existing Seventh Circuit precedent,

United States v. Redden, 875 F.3d 374-375 (7th Cir. 2017) decided November 8, 2017. Harrington's §2255 motion was filed June 19, 2018. Therefore Harrington did not have an unobstructed procedural chance for relief until the recent decision changed his circuit precedent in United States v. Ruth, 966 F.3d 642, (decided July 20, 2020); which is based on the clarification given in Shular v. United States, 140 S.Ct. 779, 206 L.Ed. 2d (2020), on how "Mathis" challenges are to be applied to predicate offenses. Any prior filings challenging predicate offenses under 720 ILCS 570/401 were considered frivolous and without merit. see also United States v. Neville, 781 Fed. Appx. 950 at 952 (7th Cir. 2019). Alaimalo v. United States, 645 F.3d at 1047-48 (9th Cir.), states "prisoner lacked unobstructed procedural shot where circuit precedent foreclosed his actual innocence claim when he brought his first §2255 motion." see Stephens v. United States, 464 F.3d at 898 (9th Cir.).

The history of 720 ILCS 570/401 being used for federal enhancement purposes dates back to Navarro-Macias v. Immigration, 16 Fed. Appx. 468 at 472, 223. (7th Cir. June 19, 2001). Well before Harrington was sentenced on September 5, 2014. Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed. 2d 604 (2016) was decided after Harrington's direct appeal. After "Mathis" was decided, any challenges brought under a "Mathis" styled argument in §2255 motion or §2241 motions challenging Illinois prior conviction drug statute 720 ILCS 570/401, in the Seventh Circuit, were blocked by the Seventh Circuit Court of Appeals precedent ruling in United States v. Redden, 875 F.3d 374, 375 (7th Cir. 2017). see also United States v. Smith, 2017 US DIST LEXIS 194856, No. 17 CV 324 (13 CR 863) at 2017 US DIST LEXIS 29-33; Moore v. Werlich, No. 18-cv-0202-DRH, 2018 US DIST LEXIS 60720, 2018 WL 1731349 at 3; Dixon v. Watson, 2019 US DIST. LEXIS 95877, 17-cv-1339-SLD at 2019 LEXIS 18.

A prior case attempted to present the same argument challenging §851 enhancement but was blocked by "Redden" being the precedent in Perkins v. True, 2018 US DIST LEXIS 9874, ruled that 720 ILCS 570/401 does not criminalize

conduct that substantially differs from the conduct described in §4B1.2, and that it is frivolous to argue resentencing is justified because the sentencing court considered Illinois controlled substance offense for the purposes of applying the career offender in enhancement. The decision in the prior precedent "Redden" ruling that 720 ILCS 570/401 was a category match, making challenges to the statue frivolous again was enforced in United States v. Neville, 784 Fed. Appx. 950 at 952 (7th Cir. 2019).

United States v. Redden, 875 F.3d 374, 375 (7th Cir. 2017) was the precedent ruling on how 720 ILCS 570/401 was a category match to the federal equivalent at the time of Harrington's filing of his §2255 motion date of June 18, 2018 and denial date of the motion on October 3, 2018.

It is only until recently that the Seventh Circuit Court of Appeals enacted a new precedent of when dealing with Illinois prior convictions under 720 ILCS 570/401, stating the State statue was NOT a category match, which is an intervening court decision after Harrington's direct appeal and first §2255 motion denials, that effected a change in applicable law in a relevant way after the conclusion of the petitioner's first §2255 motion. The Seventh Circuit Court of Appeals ruling held that the subsections in 720 ILCS 570/401 statue were NOT divisible, the Illinois definition of "Cocaine" was broader than the Federal equivalent, and "the Illinois statue is categorically broader than the federal definition." United States v. Ruth, 966 F.3d 642 at 647-650, decided July 20, 2020.

The argument was foreclosed by existing precedent at the time of Harrington's direct appeal and §2255 motion and his claim is not based on the Constitution but on "Mathis," "Descamps" and most recently Shular v. United States, 140 S.Ct. 779, 206 L.Ed 2d. 81 (2020) with United States v. Ruth, 966 F.3d 642, interpretations of federal statues, which would not satisfy the 28 USC §2244 criteria for a second or successive §2255 motion. The Ninth Circuit ruled that "Mathis" and "Descamps" apply retroactively when a court reviews a criminal judgement

in the case of addressing a §2241 petition or first §2255 motion.

It took the recent clarified decision of the United States Supreme Court in Shular v. United States, 140 S.ct. 779, 206 L.Ed. 2d 81 (2020), ultimately clarifying for the Seventh Circuit Court of Appeals, of how to apply "Mathis" categorical approach correctly when dealing with 720 ILCS 570/401 statue. see United States v. Ruth, 966 F.3d 646-650 (7th Cir. 2020). This "Mathis" clarification of the statutory interpretation was instructed by the Supreme Court in "Shular" and made precedent by the Seventh Circuit Court of Appeals in "Ruth", July 20, 2020 after Harrington's direct appeal and two years after the denial of the first §2255 motion.

A new rule applies retroactively in collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. A rule is substantive rather than procedural if it alters the range of conduct or class of persons that the law punishes. The Seventh Circuit ruling in "Ruth" is substantive because it alters the range of conduct consideration of previously restricted under "Redden". This changed the class of persons classified for sentence enhancement by use of §851 and altered the substantive reach of the federal § 841(b)(1) statue. Decisions that alter the substantive reach of a federal statue apply retroactively in a 28 USC § 2241 proceeding under the escape hatch.

## ARGUMENT:

The roots of this motion is based on challenging Harrington's prior convictions being used for predicate offenses through analysis under the categorical approach given in United States v. Ruth, 966 F.3d 646-650 (7th Cir. 2020); Shular v. United States, 140 S.ct. 779, 206 L.Ed. 2d 81 (2020) and Mathis v. United States, 136 S.ct. 2243 (2016). "A defendant's crime of conviction can count as a predicate only if its elements match those of a 'generic' offense - gives way when a statue happens to list various

means by which a defendant can satisfy an element." Under this standard both of Harrington's prior Illinois convictions used for enhancement are not "felony drug offenses" under §841 (b)(1) and §851 or "controlled substance offenses" under USSG 4B1.1.

The mandatory sentence under §841 (b)(1) by use of the §851 statue with Career Offender classification of Harrington came by predicate use of "felony drug offenses" that fell under 720 ILCS 570/401 (c)(2), the exact statue that was successfully disqualified in *United States v. Ruth*, 966 F.3d 642; and 720 ILCS 570/401 (a)(7)(A), which both subsections are Illinois "Cocaine" statues, therefor can not count as federal predicate "felony drug offenses" for increased sentencing.

720 Illinois Complied Statue 570/401 reads:

Except as authorized by this ACT, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance other than methamphetamine, a counterfeit substance, or a controlled substance ANALOG. A violation of the ACT with respect to each of the controlled substances listed herein constitute a single and separate violation of this ACT. For purposes of this section, "controlled substance analog" or "analog" means a substance, other than a controlled substance, that has a chemical structure substantially similar to that of a controlled substance in Schedule I or II, that was specifically designed to produce an effect substantially similar to that of a controlled substance in Schedule I or II. Examples of chemical classes in which controlled substance analogs are found include, but NOT LIMITED TO, the following: phenethylamines; etc... For purposes of this ACT, a controlled substance analog shall be treated in the same manner as the controlled substance to which it is similar.

Even with the ruling in *United States v. Ruth*, 966 F.3d 642, establishing that 720 ILCS 570/401 is broader by the difference in the "Cocaine" state definition compared to the federal definition of cocaine, therefor invalidating both of Harrington's prior predicate "felony drug offenses" for mandatory

sentence increase by use of §851 enhancement under §841(b)(1) statue because both were classified as Illinois "Cocaine" convictions, but the Illinois statue is much broader in comparison because "Ruth" also ruled that the subsections are not divisible within themselves. This makes the 720 ILCS 570/401 statue not able to be used for a predicate §841(a)(1) and §841(b)(1) statue increased sentence under §851 as a "felony drug offense" or to be used to classify a person a "Career Offender" as a "Controlled substance offense."

The Indivisible Inclusion of the Term Analog In 720 ILCS 570/401 is Beyond the Federal Generic Definition:

The Illinois statue in question has a key "analog" feature in the opening paragraph, that is even listed in the subsections through out the statue that "Ruth" ruled was not divisible from the entire statue by the instructions handed down in "Shular." This was proven by applying the principles also handed down in Mathis v. United States, 136 S.Ct. 2243 (2016).

The Illinois statue did list multiple elements disjunctively, but also enumerated various factual means of committing a single element. Legislatures frequently enumerate alternative means of committing a crime without intending to define separate elements or separate crimes. see Schad v. Arizona, 501 US 624 (1991).

The Illinois statue does not require the jury to agree on any specific factual means of committing the crime by the use of a controlled substance, a substance containing a controlled substance, or a controlled substance analog. As long as the defendant committed the ACT with a controlled substance, a substance containing a controlled substance, or a controlled substance analog, the conviction will stand as a violation of 720 ILCS 570/401.

When a statue list alternative factual means of committing an offense "Shular" and "Mathis" tell's us we are to apply the categorical approach. The comparison of elements that the categorical approach requires is straight forward when a statue as 720 ILCS 570/401 sets out an individual set of elements to determine a single crime. The court then lines up that crimes elements alongside those of the generic

offense and sees if they match. If the statue is more broader than that of the generic offense of the controlled substance definition then the enhancement can not apply.

Under "Offense of Conviction as Focus of Inquiry," section 4B1.1 (career offender) expressly provides that the instant and prior offense must be crimes of violence or "controlled substance" offenses of which the defendant was convicted. Therefor determining whether an offense is a crime of violence or controlled substance offense for purposes of 4B1.1 (career offender), the offense of inquiry (the conduct of which the defendant was convicted) is the focus of inquiry.

The conduct here being a predicate consideration of violateing 720 ILCS 570/401 (c)(2) and 720 ILCS 570/401(a)(7)(A) state statue by the use of 'cocaine' (in which "Ruth" previously already ruled the definition of cocaine is broader and can not be used as a predicate "felony drug offense" under S851) or by the use of an "ANALOG". Both terms "Cocaine" and "Cocaine Analog" are indivisibly listed in the statues. This is beyond the comparison of "generic" distribution of a controlled substance or classification as a "serious drug offense."

With the Seventh Circuit Court of Appeals "Ruth" ruling that the Illinois definition of "Cocaine" is broader in conduct, plus also the subsections being indivisible from themselves, we can view the analog prospective in depth to further challenge Harrington's innocence from the S851 statue sentence and the classification as a 'career offender'. Controlled substance analog fails to meet the definition of "serious drug offense" or "controlled substance offense" under United States Sentencing Guidelines 4B1.1 or 21 USC§841(b)(1). The sentencing commission has defined the term "Controlled substance offense:"

Controlled Substance Offense — means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or possession of a controlled substance (or counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense.

It is clear that Controlled substance analog fails to categorically match the generic definition defined in 4B1.2(b) of the guidelines. There is no reference to an enhancement by the use of a Controlled substance analog in the generic definition of 4B1.2(b), therefor 720 ILCS 570/401 is broader in means in comparison. "As a rule, a definition which declares what a term 'means' ...excludes any meaning that is not stated." Burgess v. United States, 533 US 124, 129, 128 S.Ct. 1572, 170 LEd 2d 478 (2008). "When a statue includes an explicit definition, Courts must follow that definition, even if it varies from the terms ordinary meaning." Stenberg v. Carhart, 530 US 914, 942, 120 S.Ct. 2597, 147 L.Ed 2d 743 (2000), or it's meaning in any other legal context. see Burgess v. United States, 533 US 129, 129-130.

The same rational that stops the Court from adding to a list of statutory remedies, or adding to a list of exceptions to general grant of power, also stops the Court from adding to a list of meanings contained in a definition. Even if expanding 4B1.2(b) guidelines to cover controlled substance analog offenses would be an improvement, it is not the Courts function to modify, amend, or improve statues or guidelines. see Pavelic & LeFlore v. Marvel Entmt. Grp., 493 US 120, 126, 110 S.Ct. 456, 460, 107 L.Ed 2d 438 (1989). The task of the Court is to apply the text, not improve on it. The Court is not authorized to rewrite, revise, or amend the Sentencing guidelines in the guise of interpreting them.

Career Offender 4B1.2(b) definition uses the word "means" which is a restrictive term that indicates that the list is exhaustive, and did not use a less restrictive term such as "includes" which would be illustrative to include other terms not listed, which normally implies that the proffered definition falls short of captureing the whole meaning. When, as here, the meaning of the word is clearly explained in a statue, Courts are not at liberty to look beyond that statutory definition. see Colatti v. Franklin, 439 US 379, 393, 48 L.Ed. 2d 596, 99 S.Ct. 675 (1979). It is axiomatic that the

statutory definition of the term excludes unstated meanings of a term.

Conversely, traditionally, 21 USC § 841 (A)(1), generic distribution of a controlled substance reads:

21 USC § 841 -- Except as authorized by the title, it shall be unlawful for any person knowingly or intentionally -- (1) to manufacture, distribute, or dispense a controlled substance. (2) to create, distribute, dispense or possess with the intent to distribute, dispense a counterfeit substance.

The substantial difference between 21 USC § 841 (A)(1), generic distribution of a controlled substance and 720 ILCS 570/401, that makes Illinois Complied Statue violation of the ACT broader in comparison is, 720 ILCS 570/401 list "Controlled substance analog" as a means to violate the statue and the definition of violating the ACT by the use of a "controlled substance analog" is also directly inside of 720 ILCS 570/401.

In the alternative to 720 ILCS 570/401 with the term "controlled substance analog" directly in the statue as an alternative mean to violate the statue, 21 USC § 841 (A)(1) does not list "Controlled substance analog" or even reference the violation of the Controlled Substance Analog Act directly inside of 21 USC § 841 (A)(1).

Instead 21 USC § has an entirely different section that deals with controlled substance analogs and violation of the Act. The section dealing with controlled substance analogs is, 21 USC § 802 (32)(A), and then instructs the Courts to treat analogs, if intended for human consumption, as a controlled substance listed in Schedule I for the purposes of federal law, 21 USC § 813. The Controlled Substance Act in turn makes it unlawful knowingly to manufacture, distribute, or possess with the intent to distribute controlled substances. 21 USC § 841 (A)(1). Therefor making a violation of the Controlled Substance Analogue Act of 21 USC § 802 (32)(A), instructed by 21 USC § 813, in turn a violation of 21 USC § 841 (A)(1), a controlled substance. This is not "Generic."

720 ILCS 570/401 Analog Definition is Written "Disjunctively" Compared with § 802(32)(A) is Written "Conjunctively."

To further illustrate that 720 ILCS 570/401 is broader in means than 21 USC § 841 (A)(1), by the indivisible inclusion of the violation of controlled substance analog in 720 ILCS 570/401, is

the means listed directly inside of 720 ILCS 570/401 of how to violate the Act under the purpose of the "Controlled substance analog" or "analog". This comparison was previously presented to a Seventh Circuit District Court in <u>Williams v. Williams, 2019 US. DIST. LEXIS 186792, 17-cv-515-JDP</u>, but the petitioner failed to present the differences in the definitions of the Illinois State Statue definition and the Federal Statue definition of "analog." The Seventh Circuit Court of Appeals does have precedent case law interpreting the reading of the definition of "analogues" that shows a key difference that is substantial which makes the State definition of analog broader.

A comparison of 720 ILCS 570/401 and 21 USC § 802 (32)(A), which regulates controlled substance analogues of 21 USC § 841 (A)(2), is the meaning of "controlled substance analog" defined in section 720 ILCS 570/401 compared to the meaning given under 21 USC § 802 (32)(A).

Illinois Compiled Statue, controlled substance analog means:

"For purposes of this section, "controlled substance analog" or "analog" means a substance, other than a controlled substance, that has a chemical structure substantially similar to that of a controlled substance in Schedule I or II, or that was specifically designed to produce an effect substantially similar to that of a controlled substance in Schedule I or II. Examples of chemical classes in which controlled substance analogs are found <u>include</u>, but are not limited to, the following: phenethylamines, etc...." The word "includes" demonstrates that the list is not conclusive incorporating unstated and unknown terms, which to include other terms not listed. This goes beyond the list covered by federal terms in 21 USCS 802 (32)(A), which has a restricted list of terms.

Now contrast the previous Illinois definition with 21 USC § 802 (32)(A) definition of controlled substance analogue. The Analogue Act defines a "controlled substance analogue" as a substance:

    (I) with the chemical structure of which is substantially similar to the chemical structure in Schedule I or II;

    (II) which has a stimulate, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II; or

    (III) with respect to a particular person, which such person represents or intends

to have a stimulant, depressant, or hallucinogenic effect on the central
nervous system that is substantially similar to or greater than a
stimulant, depressant or hallucinogenic effect on the central nervous
system of a controlled substance in Schedule I or II.

Clear interpretation of 720 ILCS 570/401 statue reads that a controlled substance
analog can have "a similar chemical structure to that of a controlled substance in Schedule I
or II." and that alone will be a violation of 720 ILCS 570/401, or a controlled substance
analog can be a substance "that is specifically designed to produce the effect substantially
similar to that of a controlled substance in Schedule I or II," without the similar chemical
structure, but the design effect alone could be a violation of 720 ILCS 570/401 Act.
The Illinois statue was written with a "disjunctive" meaning for the analog section.

Ironically, the Seventh Circuit Court of Appeals, which is the exact
circuit that the Illinois Complied Statue falls under, gave a clear understanding
to reading 21 USC § 802 (32)(A), the Federal statue defining what a controlled
substance analogue is in United States v. Turcotte, 405 F.3d 515, 286 F.Supp.2d at 951.
The Seventh Circuit Court of Appeals instructed the Courts to pay attention to detail
and read 21 USC § 802 (32)(A) "conjunctively" due to placement of key words in
the statue to interpret Congress intent.

"As old age instructs, the devil is in the details -- the relevant detail being
the single word 'or' between clauses (ii) and (iii) of the definition." United States v.
Turcotte, 405 F.3d 515 (7ᵗʰ cir.)

The keyword "or" seperating the two clauses lead the Seventh Circuit Court
of Appeals to rule for future cases in their Circuit to take on a conjunctive reading
of clauses (i) with (ii); or (i) with (iii) when considering if a substance is or is not
a controlled substance analogue.

The Seventh Circuit Court of Appeals instructed reading of 21 USC § 802 (32)(A)
in Turcotte, compared to the literal reading of the means of controlled substance analog
in 720 ILCS 570/401, shows the conduct describe directly inside 720 ILCS 570/401 is
broader in comparison to the means of controlled substance analogue of 21 USC § 802 (32)(A).

Page 18 of 25

720 ILCS 570/402 says a substance with a "chemical structure substantially similar to that in Schedule I or II" alone can be a violation of 720 ILCS 570/401 or the "similar designed effect" alone can be a violation of 720 ILCS 570/401 without the need to have the substantially similar chemical structure. In comparison, 21 USCS 802 (32)(A) says a controlled substance analogue must have "a substantially similar chemical structure of a controlled substance in Schedule I or II" but also must qualify to fit under clauses (ii) or (iii). Independently clauses (ii) or (iii) would not be classified as a controlled substance analogue. This is true because certain substances may alone give a similar effect to a regulated controlled substance but still will not be regulated, illegal or a controlled substance. If so "Alcohol and caffeine could be criminalized as controlled substances based on the fact they have depressant or stimulant effects to illegal drugs. United States v. Turcotte, 405 F.3d 515 at 522 (7th circuit).

Moreover, the legislative history of the Act, 21 USCS 802, suggest that such bizarre consequences were not intended by Congress. The difference is clear, 720 ILCS 570/402 is broader in comparison to what conduct could be consider illegal by instructed definition of 21 USCS 802 (32)(A), by order of 21 USCS 813, is punishable under 21 USCS 841 (A)(1).

Congress clearly expressed their intent when dealing with "controlled substances." The term only includes drugs listed on the federal drug Schedule or treated as such by operation of the Controlled Substance Analogue Act of 1986. (21 USCS 802(6), 813). It is not broad enough to include all substances regulated by any other Federal or State law. McFadden v. United States, 135 S.Ct 2298 at 2306; 192 L.Ed 2d 271. The 720 ILCS 570/401 statue does permit violation of the State statue with substances that are not regulated by the Controlled Substance Analogue Act or listed on the Federal drug Schedule table. This is further illustrated by the use of the less restrictive term of "includes" in the definition.

The Least Capable Act Goes Beyond the Generic Scope:

To highlight the actual controlled substance and controlled substance analog are NOT divisible in 720 ILCS 570/402 is that the punishment for exact amounts for multiple substances that are listed on Schedule I or II, and substances that are not

Federally recognized as just being analogues, carry the same penalty as the exact amount as the actual controlled substance. The divisibility standard is based on one crime being more serious than the other by definition in a State Statue. Illinois treats cocaine, substances containing cocaine and analogs of cocaine as synonymous controlled substance offenses. Cocaine and any of its analogs are also defined as controlled substances under 720 ILCS 570/102. This clearly shows multiple means of how to violate the same statue that does not line up with the "generic" controlled substance offense definition. The conduct of conviction is the focus of inquiry but in statues that are not divisible, in method of comparison, the least capable act under the statue has to fall beyond the "generic" scope, as analog does in 720 ILCS 570/401, which this statue should not be considered a predicate conviction under §851 and §4B1(b)(i) Statue sentence or as a Career Offender, by the indivisible inclusion throughout the statue, of the analog feature.

Crack Cocaine is NOT a "Controlled Substance" by Illinois State Law:
    The Seventh Circuit ruling in "Ruth" made it clear that the 720 ILCS 570/401 subsection statues were indivisible once it reach the drug type section. This only strengthens the "analog" prospective because technically, theoretically and legally Crack / Cocaine Base is NOT a controlled substance but is a Controlled Substance analog in the State of Illinois by the exact definitions in 720 ILCS 570/401 Statue of controlled substance and controlled substance analog.
        Controlled Substance - a regulated substance listed in the drug Schedule.
        Controlled Substance Analog - a substance, other than a controlled substance that has a chemical structure substantially similar to that of a controlled substance in Schedule I or II, or that was specifically designed to produce the effect substantially similar of a controlled substance in Schedule I or II.
    Cocaine Base / Crack Cocaine is NOT a listed chemical in the Illinois

drug Schedule I or II, but was specifically designed to produce the effect substantially similar to a controlled substance in Schedule I or II, being Cocaine/Powder Cocaine, but is not the actual substance listed on the Schedule as being controlled. Cocaine Base/Crack is the analog of Cocaine. This is stated by the United States Supreme Court. "Cocaine in its base form and in its ~~base form~~ salts form (i.e. cocaine hydrochloride-powder cocaine) are chemically different, though they have the same active ingredient and produce the same physiological and psychotropic effects." DePierre v. United States, 564 US 70, 180 L.Ed 2d 114 pg 120. For example:

    Cocaine (cocaine hydrochloride): powder cocaine has a chemical make up of "C17 H22 NO4+C1."

Compared to:

    Crack (cocaine base): rock cocaine has a chemical make up of "C17 H21 NO4."

    Given the fact that Cocaine Base/Crack is not listed on the Illinois drug table, as a Scheduled listed substance in the State of Illinois, Crack Cocaine convictions are classified as analog convictions in the State. This incorporates the analog definition in 720 ILCS 570/401, which is broader given Federal law does not govern what drugs are listed Scheduled controlled substances by State standards. Illinois State Analog clearly falls beyond the scope of the United States Sentencing Guidelines 4B1.2 or can not be classified as a predicate serious drug offense for an increased statue 841 and 851 sentence because there is no mention or reference pointing to a State analog conviction to be considered as a predicate for purposes of enhancement.

    The Illinois State standard of law about how analogs carry the same punishment as the controlled substance that is referenced in the same statue, is the legal theory of Harrington's predicate convictions. The guilty plea transcripts for 2000-CF-1113 demonstrates the inquiry of the offense of conviction was by the use of Crack/Cocaine Base, which by Illinois' definition directly inside of 720 ILCS 570/401

is a conviction by the use of an analog and not the actual controlled substance listed on the drug Schedule I or II, which is still not divisible from the term "cocaine" in the subsections. As demonstrated, the Illinois definition of analog is broader than the Federal standards of analogs, by the interpretation given by the Seventh Circuit Court of Appeals, therefore making Harrington's prior convictions not considered predicate offenses by the standards of _Mathis v. United States_, 136 S.Ct 2243 at 2251. This makes Harrington innocent of predicate convictions.

Furthermore Harrington's second prior conviction, 2006-CF-791, the conduct of conviction, which is the focus of inquiry by instruction of §4B1.1, the conduct of this conviction by the stipulation of facts during the plea colloquy was for a substance, stated by the prosecution, to be "Cocaine in All forms (except crack)." This includes any form of cocaine or cocaine analog under 720 ILCS 570/401 statue, which some forms are not "controlled substances" or "serious drug offenses." This is broader than Federal regulations because certain forms of cocaine and cocaine analogs under the State statue are not Federally regulated, and also the meaning of cocaine by Illinois definition has already been ruled overbroad than Federal law to be used as predicates "felony drug offenses" in _United States v. Ruth_, 966 F.3d 642,

With "Ruth" ruling the subsections of 720 ILCS 570/401 are indivisible, the state is much broader then Federal law by the analog comparison and can not be used for predicate convictions to enhance sentences under the §851 statue or for career offender status.

## Misscarriage of Justice

Even with Harrington signaling how his Career Offender classification should be invalid today and drastically decrease his sentence substantially, the "misscarrage of justice" entitling Harrington to relief of resentencing is in the mandatory increase section of the §841(b)(1) states' sentence themself. Errors in guidelines fall under the advisory section of consideration, but a "misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice of a fundamental

defect." Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013). The possibility that Petitioner's sentence is beyond what is called for by law raises a fundamental fairness issue and a potential miscarriage of justice corrigible in a §2241 proceeding. Cf. Boumediene v. Bush, 553 US 723, 739, 128 S.Ct. 2229, 171 L.Ed. 2d 41 (2008).

The recent "Ruth" precedent shows how Harrington's prior Illinois "Cocaine" convictions should not have qualified as predicate "felony drug offenses" during sentencing in the §841 (b)(1) and §851 statues. Therefor the Court sentence enhancements under statue §851, §841(b)(1)(b) and §841 (b)(1)(c) did alter the substantive reach of the federal statue, which affected the fundamental fairness and accuracy of sentencing in the criminal proceeding. Harrington's current sentences on all seven (7) counts are beyond the ceiling imposed by Congress written in the §841 (b)(3) statue and should be deemed a miscarriage of justice, entitling Harrington to be resentenced without the use of the enhancements of "serious drug offense" predicate section of §851, §841 (b)(1)(b) and §841 (b)(1)(c), which Harrington prior objected to at his original sentencing hearing.

It is clear that Harrington's §851 sentence is beyond the reach of the §841 (b)(1)(c) statue on five of his convictions without the use of the invalid predicate "felony drug convictions." The statutory maximum sentence for a person without a predicate "felony drug offense" is 20 years in prison and a term of three-years of supervised release. On counts 1, 2, 3, 5, and 7, Harrington received five (5) seperate sentences of 30 years in prison with six-years of supervised release on each §841 (b)(1)(c) conviction. These five (5) sentences each are TEN-YEARS in prison more, and THREE-YEARS of supervised release beyond the amount allowed by the statue and above the ceiling imposed by Congress in the §841 (b)(1)(c) statue itself.

The other two convictions, count 4 and 6, under §841 (b)(1)(b) sentences are also above the ceiling imposed by Congress written directly in the statue. The statue maximum sentence for a person without a predicate "felony drug offense" is 40-years in prison and a term of FOUR-YEARS of supervised release. For these two counts,

Harrington recieved two seperate sentences of 30 years in prison with EIGHT-YEARS of supervised release on the §842 (b)(2)(6) convictions. The sentencing of the supervised release on each count is FOUR-YEARS beyond the most amount allowed by the statue, therefor entitling Harrington to be resentenced under these counts without the use of the enhancement as well.

These sentences exceed the statutory maximum that was clearly prescribe by Congress, written directly in the text of the §842 (b)(1) statues, and therefor are illegal. A miscarriage of justice can occur when a petitioner's sentence is increased by application of an enhancement of which he was actually innocent. Perrone v. United States, 674 F.3d 848, 904 (7th cir.), 139 S.Ct 654, 202 L.Ed 502 (2018). Harrington is "actual innocence" in the sentencing context because he has shown by clear and convincing evidence that, but for a Constitutional error, no reasonable juror would have found the petitioner eligible for the penalty under applicable law. If the district court were to resentence Harrington again today it could NOT impose the same exact sentence on every count again by the text prescribed by Congress in the §842 (b)(2)(6) and §842(b)(2)(c) statues. When a sentence exceeds the maximum prescribed by statue, it is obvious that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or fundamental defect. Remember Harrington objected to this punishment during his sentencing.

Conclusion

This motion is submitted in hopes that this Honorable Court will put to practical use the substantive change of law disqualifying the Illinois prior "cocaine" convictions for use as predicate "felony drug offenses" under §851, because he is "actually innocent" of predicate offenses, and apply the sentencing text of §842(b)(1) statue as written by Congress, which will grant Harrington proper resentencing on all counts. This will also be rewarding him with equal protection of the law which is provided under the United States Constitution.

A corrected version of Harrington's sentence today by the conduct of his convictions would place him with a base offense level of 26 with a criminal history score category of VI. The sentencing range will be 120-150 months in prison with four-years of supervised release, which is the sentence covered by the §841 (b)(3) statue in Harrington's case.

Perry Harrington respectfully PRAYS that this Honorable Court GRANT this motion. What is stated here in is true and signed under the declaration penalty of perjury.

_Harrington_

Mr. Perry Harrington - Pro Se

Date: 1-12-2021

Case No. _____

In The Federal District Court
Northern District of California

Perry Harrington - Pro Se
Petitioner

V.

Warden A. Ciolli
Respondent

Motion Under 28 USC § 2241

Perry Harrington is a federal prisoner at United States Penitentiary Atwater.

Warden A. Ciolli is the warden of United States Penitentiary Atwater.

# Table of Contents

List of Parties
   Page: 1
Table of Authorities
   Page: (i)
Jurisdiction
   Page: 6
Introduction
   Page: 1
Purpose of this Motion - Petition for Writ of Habeous Relief Under §2241
   Page: 1
Procedural History
   Page: 2
Actual Innocence Claim
   Page: 7
Unobstructed Procedural Shot
   Page: 8
Arguments
Page: 11
   - The Indivisible Inclusion of the Term Analog in 720 ILCS 570/401 is Beyond the Federal Generic Definition
      Page: 13
   - 720 ILCS 570/401 Analog Definition is Written "Disjunctively," Compared with § 802 (32)(A) is Written "Conjunctively"
      Page: 16
   - The Least Capable Act Goes Beyond the Generic Scope
      Page: 19
   - Crack Cocaine is NOT a "Controlled Substance" by Illinois State Law
      Page: 20
Miscarriage of Justice
   Page: 22
Conclusion - Page 24

Case No. _____

In The Federal District Court
Northern District of California

Perry Harrington - Pro Se
Petitioner

V.

Warden A. Cialli
Respondent

Motion Under 28 USC § 2241

Perry Harrington is a federal prisoner at United States Penitentiary Atwater.

Warden A. Ciolli is the warden of United States Penitentiary Atwater.

# Table of Contents

List of Parties
Page: 1

Table of Authorities
Page: (i)

Jurisdiction
Page: 6

Introduction
Page: 1

Purpose of this Motion - Petition for Writ of Habeous Relief Under §2241
Page: 1

Procedural History
Page: 2

Actual Innocence Claim
Page: 7

Unobstructed Procedural Shot
Page: 8

Arguments
Page: 11

- The Indivisible Inclusion of the Term Analog in 720 ILCS 570/401 is Beyond the Federal Generic Definition
Page: 13

- 720 ILCS 570/401 Analog Definition is Written "Disjunctively," Compared with §802 (32)(A) is Written "Conjunctively"
Page: 16

- The Least Capable Act Goes Beyond the Generic Scope
Page: 19

- Crack Cocaine is NOT a "Controlled Substance" by Illinois State Law
Page: 20

Miscarriage of Justice
Page: 22

Conclusion - Page 24

(i)

Table of Authorities

Haines v. Kerner, 404 US 519, 92 S.Ct. 594, 30 LEd 2d 652 (1972)
    Page: 1
United States v. Ruth, 966 F.3d 642 (7th Cir. 2020)
    Pages: 1, 7, 10, 11, 12, 22
Alleyne v. United States, 570 US 99, 103, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013)
    Pages: 4
Mathis v. United States, 136 S.Ct. 2243 (2016)
    Pages: 7, 9, 11, 13, 22
Shular v. United States, 140 S.Ct. 779, 206 L.Ed. 2d (2020)
    Pages: 7, 9, 10, 11
Allen v. Ives, 950 F.3d 1184 at 1190 (9th Cir. 2019)
    Pages: 7
United States v. Elder, 900 F.3d 491 (7th Cir. 2018)
    Pages: 7
United States v. De La Torre, 940 F.3d 938, 949 (7th Cir. 2019)
    Pages: 8
Najera-Rodriguez v. Barr, 926 F.3d 343 (7th Cir. 2019)
    Pages: 8
United States v. Redden, 875 F.3d 374-375 (7th Cir. 2017)
    Pages: 9, 10,
United States v. Neville, 784 Fed. Appx. 950 at 952 (7th Cir. 2019)
    Pages: 9, 10
Alaimalo v. United States, 645 F.3d at 1047-48 (9th Cir.)
    Pages: 9
Stephens v. United States, 464 F.3d at 898 (9th Cir.)
    Pages: 9
Navarro-Macias v. Immigration, 16 Fed. Appx. 468 at 472, 273 (7th Cir. 2001)
    Pages: 9
Monce v. Werlich, No. 18-cv-0202-DRH, 2018.US DIST LEXIS 60720, 2018 WL 1731349 at 3
    Pages: 9

(ii)

Table of Authorities (Continued)

United States v. Smith, 2017 US DIST LEXIS 194856, No. 17 CV 324 (13 cr 863) at 2019 LEXIS 29-33
    Pages: 9

Dixon v. Watson, 2019 US DIST LEXIS 95877, 17-cv-1339-SLD at 2019 LEXIS 18
    Pages: 9

Perkins v. True, 2018 US DIST LEXIS 9809
    Pages: 9

Burgess v. United States, 553 US 124, 129, 128 S.Ct. 1572, 170 L.Ed 2d 478 (2008)
    Pages: 15

Stenberg v. Carhart, 530 US 914, 942, 120 S.Ct. 2597, 147 L.Ed 2d 743 (2000)
    Pages: 15

Pavelic & LeFlore v. Marvel Entmt. Grp., 493 US 120, 126 110 S.Ct. 456, 460, 107 L.Ed 2d. 438 (1998)
    Pages: 15

Colautti v. Franklin, 439 US 379, 393, 48 L.Ed. 2d 596, 69 S.Ct. 675 (1979)
    Pages: 15

Williams v. Williams, 2017 US DIST LEXIS 186792, 17-cv-515-JDP (7th Cir.)
    Pages: 17

United States v. Turcotte, 405 F.3d 515, 286, F. Supp. 2d at 951 (7th Cir.)
    Pages: 18, 19

McFadden v. United States, 135 S.Ct. 2298 at 2306; 192 L.Ed 2d 271
    Pages: 19

DePierre v. United States, 564 US 70, 180 L.Ed 2d 114, pg. 120
    Pages: 21

Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013)
    Pages: 23

Cf. Boumediene v. Bush, 553 US 723, 739, 128 S.Ct. 2229, 171 L.Ed 2d 41 (2008)
    Pages: 23

Perrone v. United States, 674 F.3d 898, 904 (7th cir.), 139 S.Ct. 654, 202 L.Ed 512 (2018)
    Pages: 24

Case No. _____

In The Federal District Court
Northern District of California

Perry Harrington - Pro Se
Petitioner

V.

Warden A. Cialli
Respondent

Motion Under 28 USC § 2241

Perry Harrington is a federal prisoner at United States Penitentiary Atwater.

Warden A. Ciolli is the warden of United States Penitentiary Atwater.

# Table of Contents

List of Parties
   Page: 1

Table of Authorities
   Page: (i)

Jurisdiction
   Page: 6

Introduction
   Page: 1

Purpose of this Motion - Petition for Writ of Habeous Relief Under §2241
   Page: 1

Procedural History
   Page: 2

Actual Innocence Claim
   Page: 7

Unobstructed Procedural Shot
   Page: 8

Arguments
   Page: 11

   - The Indivisible Inclusion of the Term Analog in 720 ILCS 570/401 is Beyond the Federal Generic Definition
      Page: 13

   - 720 ILCS 570/401 Analog Definition is Written "Disjunctively," Compared with §802(32)(A) is Written "Conjunctively"
      Page: 16

   - The Least Capable Act Goes Beyond the Generic Scope
      Page: 19

   - Crack Cocaine is NOT a "Controlled Substance" by Illinois State Law
      Page: 20

Miscarriage of Justice
   Page: 22

Conclusion - Page 24

Case No. _____

In The Federal District Court
Northern District of California

Perry Harrington - Pro Se
Petitioner

V.

Warden A. Ciolli
Respondent

Motion Under 28 USC § 2241

Perry Harrington is a federal prisoner at United States Penitentiary Atwater.

Warden A. Ciolli is the warden of United States Penitentiary Atwater.

# Table of Contents

List of Parties
Page: 1

Table of Authorities
Page: (i)

Jurisdiction
Page: 6

Introduction
Page: 1

Purpose of this Motion - Petition for Writ of Habeous Relief Under §2241
Page: 1

Procedural History
Page: 2

Actual Innocence Claim
Page: 7

Unobstructed Procedural Shot
Page: 8

Arguments
Page: 11

- The Indivisible Inclusion of the Term Analog in 720 ILCS 570/401 is Beyond the Federal Generic Definition
Page: 13

- 720 ILCS 570/401 Analog Definition is Written "Disjunctively," Compared with §802 (32)(A) is Written "Conjunctively"
Page: 16

- The Least Capable Act Goes Beyond the Generic Scope
Page: 19

- Crack Cocaine is NOT a "Controlled Substance" by Illinois State Law
Page: 20

Miscarriage of Justice
Page: 22

Conclusion - Page 24

(i)

Table of Authorities

Haines v. Kerner, 404 US 519, 92 S.Ct. 594, 30 L.Ed 2d 652 (1972)
Page: 1

United States v. Ruth, 966 F.3d 642 (7th Cir. 2020)
Pages: 1, 7, 10, 11, 12, 22

Alleyne v. United States, 570 US 99, 103, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013)
Pages: 4

Mathis v. United States, 136 S.Ct. 2243 (2016)
Pages: 7, 9, 11, 13, 22

Shular v. United States, 140 S.Ct. 779, 206 L.Ed. 2d (2020)
Pages: 7, 9, 10, 11

Allen v. Ives, 950 F.3d 1184 at 1190 (9th Cir. 2019)
Pages: 7

United States v. Elder, 900 F.3d 491 (7th Cir. 2018)
Pages: 7

United States v. De La Torre, 940 F.3d 938, 949 (7th Cir. 2019)
Pages: 8

Najera-Rodriguez v. Barr, 926 F.3d 343 (7th Cir. 2019)
Pages: 8

United States v. Redden, 875 F.3d 374-375 (7th Cir. 2017)
Pages: 9, 10,

United States v. Neville, 784 Fed. Appx. 950 at 952 (7th Cir. 2019)
Pages: 9, 10

Alaimalo v. United States, 645 F.3d at 1047-48 (9th Cir.)
Pages: 9

Stephens v. United States, 464 F.3d at 898 (9th Cir.)
Pages: 9

Navarro-Macias v. Immigration, 16 Fed. Appx. 468 at 472, 273 (7th Cir. 2001)
Pages: 9

Moore v. Werlich, No. 18-cv-0202-DRH, 2018 US DIST LEXIS 60720, 2018 WL 173349 at 3
Pages: 9

(ii)

Table of Authorities (Continued)

United States v. Smith, 2017 US DIST LEXIS 194856, No. 17 CV 324 (13 cr 863) at 2017 LEXIS 29-33
    Pages: 9

Dixon v. Watson, 2019 US DIST LEXIS 95877, 17-cv-1339-SLD at 2019 LEXIS 18
    Pages: 9

Perkins v. True, 2018 US DIST LEXIS 9809
    Pages: 9

Burgess v. United States, 533 US 124, 129, 128 S.Ct. 1572, 170 L.Ed 2d 478 (2008)
    Pages: 15

Stenberg v. Carhart, 530 US 914, 942, 120 S.Ct. 2597, 147 L.Ed 2d 743 (2000)
    Pages: 15

Pavelic b LeFlore v. Marvel Entmt Grp, 493 US 120, 126 110 S.Ct. 456, 460, 107 L.Ed 2d. 438 (1998)
    Pages: 15

Colatti v. Franklin, 439 US 379, 393, 48 L.Ed 2d 516, 69 S.Ct. 675 (1979)
    Pages: 15

Williams v. Williams, 2019 US DIST LEXIS 186742, 17-cv-515-JDP (7th Cir.)
    Pages: 17

United States v. Turcotte, 405 F3d 515, 286, F. Supp. 2d at 951 (7th Cir.)
    Pages: 18, 19

McFadden v. United States, 135 S.Ct. 2298 at 2306; 192 L.Ed 2d 271
    Pages: 19

DePierre v. United States, 564 US 70, 180 L.Ed 2d 114, pg. 120
    Pages: 21

Brown v. Caraway, 719 F3d 583, 586 (7th Cir. 2013)
    Pages: 23

Cf. Boumediene v. Bush, 553 US 723, 739, 128 S.Ct 2229, 171 L.Ed 2d 41 (2008)
    Pages: 23

Perrone v. United States, 674 F.3d 898, 904 (7th Cir.), 139 S.Ct 654, 202 L.Ed 572 (2018)
    Pages: 24

(iii)

## Statutory Provisions Invaled

, Illinois Complied Statue:
- 720 ILCS 570/401
- 720 ILCS 570/401 (a)(7)(A)
- 720 ILCS 570/401 (c)(2)
- 720 ILCS 570/402 (c)
- 720 ILCS 570/204 (d)
- 720 ILCS 570/102

Federal Statues:
- 28 USC § 2241
- 21 USC § 851
- 21 USC § 841 (a)(1)
- 21 USC § 841 (b)(1)(b)
- 21 USC § 841 (b)(1)(c)
- 28 USC § 2255
- 28 USC § 2255 (e)
- USSG § 4B1.1
- USSG § 4B1.2
- USSG § 4B1.2 (b)
- 21 USC § 802 (32)(A)
- 21 USC § 813
- 21 USC § 802 (6)
- 21 USC § 802 (44)
- 28 USC § 2241