# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY HARRINGTON,<br><br>      Petitioner,<br><br>    v.<br><br>CIOLLI,<br><br>      Respondent. | Case No. 1:21-cv-00658-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 18)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. On June 5, 2013, Petitioner was convicted after a jury trial in the United States District Court for the Central District of Illinois of six counts of distributing a controlled substance and one count of possession a controlled substance with intent to distribute. Jury Verdict, United States v. Harrington, No. 1:12-cr-10118-JES-JEH (C.D. Ill. June 5, 2013), ECF No. 44.[1]

---

[1] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United

1    The government had filed notice pursuant to 21 U.S.C. § 851 of its intent to rely on prior

2 felony drug convictions in support of an enhanced sentence. Notice, <u>Harrington</u>, No. 1:12-cr-

3 10118-JES-JEH (C.D. Ill. Sept. 4, 2012), ECF No. 13. On September 2, 2014, Petitioner was

4 sentenced to seven concurrent 360-month terms of imprisonment and eight years of supervised

5 release. Judgment, <u>Harrington</u>, No. 1:12-cr-10118-JES-JEH (C.D. Ill. Sept. 5, 2014), ECF No.

6 81. On March 2, 2016, the Seventh Circuit affirmed the judgment. <u>United States v. Harrington</u>,

7 814 F.3d 896, 900–01 (7th Cir. 2016). On June 19, 2017, Petitioner's petition for writ of

8 certiorari was denied. <u>Harrington v. United States</u>, 137 S. Ct. 2280 (2017).

9    On June 18, 2018, Petitioner filed a motion to vacate, set aside, or correct sentence

10 pursuant to 28 U.S.C. § 2255 in the United States District Court for the Central District of

11 Illinois. Motion, <u>Harrington v. United States</u>, No. 1:18-cv-01221-JES (C.D. Ill. June 18, 2018),

12 ECF No. 1. On October 3, 2018, the district court dismissed Petitioner's amended § 2255 motion

13 as untimely. <u>Id.</u>, ECF No. 14. The Seventh Circuit denied Petitioner's request for a certificate of

14 appealability. <u>Id.</u>, ECF No. 30.

15    On January 27, 2021, Petitioner filed a handwritten petition for writ of habeas corpus

16 pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of

17 California. (ECF No. 6). The Northern District of California sent Petitioner a blank § 2241

18 petition to fill out as he did not submit the proper form. (ECF No. 1). On April 9, 2021,

19 Petitioner submitted a typed § 2241 petition. (ECF No. 9). In both the handwritten and typed

20 petitions, Petitioner asserts that his prior Illinois drug convictions involving cocaine are not

21 qualifying "serious drug offense" predicates for § 851 enhancement, relying on <u>Mathis v. United</u>

22 <u>States</u>, 579 U.S. 500 (2016), <u>Shular v. United States</u>, 140 S. Ct. 779 (2020), and <u>United States v.</u>

23 <u>Ruth</u>, 966 F.3d 642 (7th Cir. 2020). (ECF No. 6 at 1, 7; ECF 9 at 1, 9).[2]

24    On April 19, 2021, the Northern District of California transferred the matter to this Court.

25 (ECF No. 10). Respondent filed a motion to dismiss, arguing that Petitioner's claims may not be

26 raised under § 2241 because Petitioner did not receive a mandatory sentence pursuant to a

27 States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed
matters of public record, which may include court records available through PACER.").
28 [2] Page numbers refer to the ECF page numbers stamped at the top of the page.

mandatory sentencing scheme and Petitioner had a prior unobstructed opportunity to challenge the use of his prior convictions. (ECF No. 18). Petitioner filed an opposition. (ECF No. 19).

## II.

## DISCUSSION

### A.  Habeas Rule 2

In the motion to dismiss, Respondent asserts in a footnote that the petition should be dismissed for failure to raise claims under penalty of perjury and cites to page 32 of the typed petition. (ECF No. 18 at 1 n.1 (citing ECF No. 9 at 32)). In the opposition, Petitioner states that "ECF 9 was sent by Harrington to assist the members of this Court with a clear, typed copy of Harrington's claims. The initial handwritten motion filed by Harrington is dated and signed under the penalty of perjury." (ECF No. 19 at 1).

Rule 2(c) of the Rules Governing Section 2254 Cases ("Habeas Rules")[3] provides that a petition must "be signed under penalty of perjury by the petitioner[.]" Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. As noted above, both the handwritten petition (ECF No. 6) and the typed petition (ECF No. 9) raise the same claims. Based on Petitioner's explanation in his opposition, the Court construes ECF No. 9 as a supplement to Petitioner's original handwritten petition. Accordingly, as Petitioner's original handwritten petition was signed under penalty of perjury, (ECF No. 6 at 25), the undersigned finds that dismissal of the petition is not warranted for failure to comply with Habeas Rule 2.

### B.  Jurisdiction Under 28 U.S.C. § 2241

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on

---

[3] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1  the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C.

2  § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

3       Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal

4  prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255

5  to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047

6  (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d

7  952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per

8  curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso,

9  328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed

10  inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy

11  under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy

12  is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

13       "An inquiry into whether a § 2241 petition is proper under these circumstances is critical

14  to the determination of district court jurisdiction" because § 2241 petitions must be heard in the

15  custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d

16  at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this

17  Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in

18  the United States District Court for the Central District of Illinois as the sentencing court.

19       A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner

20  "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at

21  presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). The Court will

22  begin its analysis with the second factor.

23       The remedy under § 2255 usually will not be deemed inadequate or ineffective merely

24  because a prior § 2255 motion was denied, or because a remedy under that section is

25  procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the

26  petitioner is presently barred from raising his claim of innocence by motion under § 2255. He

27  must never have had the opportunity to raise it by motion."). To determine whether a petitioner

28  never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether

4

1   the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal
2   and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's
3   claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–
4   61). "An intervening court decision must 'effect a material change in the applicable law' to
5   establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That
6   is, an intervening court decision must "constitute[] a *change* in the law creating a previously
7   unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961.

8       Here, Petitioner contends that he never had an unobstructed procedural shot at presenting
9   his actual innocence claim, which is based on Mathis v. United States, 579 U.S. 500 (2016),
10  Shular v. United States, 140 S. Ct. 779 (2020), and United States v. Ruth, 966 F.3d 642 (7th Cir.
11  2020). (ECF No. 6 at 1, 7). Respondent contends that Petitioner's reliance on Shular and Ruth is
12  wrong because Shular "did not announce a new retroactive law" but merely affirmed "the long-
13  standing categorical approach adopted by the Supreme Court in *Taylor* (which case predates
14  Petitioner's CDIL 2013 offenses of conviction and his 2018 § 2255 motion)." (ECF No. 18 at 5–
15  6). As Mathis was decided before Petitioner exhausted his direct appeal and first § 2255 motion,
16  the Court will examine Shular and Ruth.

17      Shular concerned the methodology courts use to determine whether a state offense
18  qualifies as a "serious drug offense," defined as "involving manufacturing, distributing, or
19  possessing with intent to manufacture or distribute, a controlled substance," for purposes of a
20  sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).
21  Shular, 140 S. Ct. at 782 (quoting 18 U.S.C. § 924(e)(2)(A)(ii)). "To determine whether an
22  offender's prior convictions qualify for ACCA enhancement, [courts] have used a 'categorical
23  approach,' under which [they] look 'only to the statutory definitions of the prior offenses.'"
24  Shular, 140 S. Ct. at 782 (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)). "Under
25  some statutes, using a categorical approach requires the court to come up with a 'generic' version
26  of a crime—that is, the elements of 'the offense as commonly understood,' . . . [and] then
27  inquire[] whether the elements of the offense of conviction match[] those of the generic
28  crime." Shular, 140 S. Ct. at 783 (quoting Mathis, 136 S. Ct. at 2247). "In contrast, other statutes

calling for a categorical approach ask the court to determine not whether the prior conviction was for a certain offense, but whether the conviction meets some other criterion." Shular, 140 S. Ct. at 783. Shular gave the example of Kawshima v. Holder, 565 U.S. 478 (2012), concerning "a statute assigning immigration consequences to prior convictions for 'an offense that . . . involves fraud or deceit,'" where the Supreme Court found "no identification of generic offense elements was necessary" and "simply asked whether the prior convictions' 'elements . . . necessarily entail fraudulent or deceitful *conduct*." Shular, 140 S. Ct. at 783 (citations omitted). The "Courts of Appeal [were] divided on whether § 924(e)(2)(A)(ii)'s 'serious drug offense' definition requires a comparison to a generic offense." Id. at 784. Shular held that the second methodology applies in determining whether a state offense is a "serious drug offense" under ACCA and the "'serious drug offense' definition requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses." Id. at 782.

In Ruth, the defendant received an enhanced sentence due to his prior conviction for possession with intent to deliver cocaine in violation of an Illinois statute, 720 ILCS 570/401(c)(2), that "defines cocaine to include its positional isomers, whereas the federal definition covers only cocaine's optical and geometric isomers." 966 F.3d at 644. The issue before the Seventh Circuit was whether Ruth's sentence was erroneous "because, using the categorical approach, the overbreadth of the Illinois statute disqualifies his prior conviction as a predicate felony drug offense." Id. The Seventh Circuit noted that the "Supreme Court recently clarified its categorical-approach jurisprudence in *Shular*" and found that the "the conduct-based categorical approach applies . . . to § 841(b)(1)(C)'s sentencing enhancement." 966 F.3d at 646, 647. Because the Illinois statute defines cocaine overbroadly, the Seventh Circuit found that Ruth's conviction under the statute was "not a predicate 'felony drug offense' that triggers 21 U.S.C. § 841(b)(1)(C)'s sentencing enhancement." Ruth, 966 F.3d at 650.

Here, Petitioner asserts that the legal basis for his actual innocence claim did not arise until Ruth was decided because Seventh Circuit precedent United States v. Redden, 875 F.3d 374 (7th Cir. 2017), "block[ed] any attempts to challenge 720 ILCS 570/401, the exact statute of

Harrington's prior convictions." (ECF No. 19 at 3). Redden argued that his prior conviction for delivery of a controlled substance, in violation of 720 ILCS 570/401, "should not have been classified as a 'controlled substance offense' for the purpose of [United States Sentencing Guidelines Manual] § 4B1.1(a)(3) because the elements of that Illinois crime differ from the definition in § 4B1.2(b)[.]" Redden, 875 F.3d at 374. Specifically, "Redden observe[d] that *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), holds that the Texas offense of delivering a controlled substance includes conduct that falls outside this definition and so is not a 'controlled substance offense'" and argued that the Seventh Circuit "should treat Illinois law the same way." Id. The Seventh Circuit rejected the claim, noting that the "definition that underlies the offense established by 720 ILCS 570/401 tells us that 'deliver' and 'delivery' mean an 'actual, constructive or attempted transfer'" and finding that "[a]ny conduct meeting the state's definition of 'delivery' comes within § 4B1.2(b) because 'transfer' is just another word for distribute or dispense." Id. at 375.

The Court disagrees with Petitioner's characterization of Redden, which did not "block[] any attempts to challenge 720 ILCS 570/401," as argued by Petitioner, but rather rejected Redden's claim that 720 ILCS 570/401 was overbroad because any conduct meeting the Illinois statute's definition of delivery fell within § 4B1.2(b)'s definition of a controlled substance offense. Redden, 875 F.3d at 375. The issue in Ruth, and the basis for Petitioner's actual innocence claim, concerns the definition of cocaine, which was not implicated in nor foreclosed by the decision in Redden.

The Court finds White v. United States, 8 F.4th 547 (7th Cir. 2021), to be instructive.[4] In White, the defendant argued that based on Ruth one of his previous convictions no longer supported an ACCA enhancement, and the Seventh Circuit discussed whether Shular and Ruth constituted cause for procedural default.[5] White, 8 F.4th at 555. The Seventh Circuit noted that

---

[4] Petitioner was convicted in the Central District of Illinois, over which the Seventh Circuit has appellate jurisdiction. Therefore, the Court looks to Seventh Circuit caselaw to determine whether Petitioner's actual innocence claim was available. See Alaimalo, 645 F.3d at 1048–49.

[5] "A change in the law may constitute cause for procedural default if it creates a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" White, 8 F.4th at 555 (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)).

"[t]here is a qualitative difference between . . . a theory for which the basis and authority have long been in existence but which has only recently been seized upon, and . . . a theory which has been argued thoroughly and rejected in the past but which now has been accepted for the first time" with "[t]he latter situation clearly provid[ing] cause for a procedural default" and the former not. White, 8 F.4th at 556 (quoting Boyer v. United States, 55 F.3d 296, 299 (7th Cir. 1995)). The Seventh Circuit determined White's claim fell within the former situation, finding no cause for procedural default because the "'basis and authority' for *Ruth* were in place since 1990, when the Supreme Court first laid out the categorical approach in *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and when the relevant portions of the Illinois and federal drug statutes had taken their current form. The enterprising defendant in *Ruth* only recently seized upon it." White, 8 F.4th at 556. The Seventh Circuit also rejected the contention that the basis and authority for Ruth was the Supreme Court's 2020 decision in Shular, noting that the inclusion of "positional isomers" in the definition of cocaine under Illinois law "would have been a problem under any categorical approach, whether 'generic offense' or 'conduct-based'" and thus, "this court could have reached the same outcome in *Ruth* without *Shular*'s 'conduct-based' approach."[6] Id. Although "federal courts routinely accept Illinois's controlled substance offenses involving cocaine as serious drug offenses, without comparing federal and state drug definitions," the Seventh Circuit held that "[w]hen White was sentenced in 2013, a challenge to his [Illinois] cocaine delivery predicate offense was neither novel—at least as case law has defined that term—nor foreclosed." Id. at 555, 557.

As set forth above, the Seventh Circuit's decision in Redden did not block all attempts to challenge 720 ILCS 570/401. And given the Seventh Circuit's conclusion in White that a challenge to an Illinois cocaine predicate offense based on the theory raised by the "enterprising defendant in *Ruth*" was not foreclosed in 2013, this Court "cannot say that [Petitioner]'s claim 'did not become available until after' the Supreme Court's decision" in Shular or the Seventh

---

[6] Such a conclusion is also supported by United States v. De La Torre, 940 F.3d 938 (7th Cir. 2019), which was decided before Shular and raised "nearly identical facts and arguments" as Ruth "save for the drug at issue being methamphetamine and its isomers," and where the Seventh Circuit "reach[ed] the same outcome." Ruth, 966 F.3d at 648.

Circuit's decision in <u>Ruth</u>. <u>Harrison</u>, 519 F.3d at 961 (quoting <u>Stephens</u>, 464 F.3d at 898). <u>See</u> <u>Harrison</u>, 519 F.3d at 961 (noting that new caselaw "giv[ing] additional encouragement for defendants" to make a certain claim does not mean "such further support constitutes a *change* in the law creating a previously unavailable legal basis for petitioner's claim"). Therefore, the Court finds that Petitioner has not established that he "never had an 'unobstructed procedural shot' at presenting this claim." <u>Ivy</u>, 328 F.3d at 1060.

"[F]or Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . . requirements." <u>Muth v. Fondren</u>, 676 F.3d 815, 819 (9th Cir. 2012). As Petitioner has failed to establish that he never had an unobstructed procedural shot at presenting his actual innocence claim, Petitioner cannot proceed under the escape hatch.[7] Accordingly, this Court lacks jurisdiction over the petition, and the petition should be dismissed.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 18) be GRANTED and the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling

---

[7] In light of this conclusion, the undersigned declines to address whether Petitioner has presented a cognizable claim of actual innocence for purposes of qualifying for the escape hatch.

pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 25, 2022**

UNITED STATES MAGISTRATE JUDGE