1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| PERRY HARRINGTON, | Case No. 1:21-cv-00658-AWI-SAB-HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, TERMINATING PETITIONER'S MOTION FOR SUPPLEMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| CIOLLI, | |
| Respondent. | |
| | (ECF Nos. 18, 21, 22) |

11
12
13
14
15
16
17
18

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 28, 2022,[1] the Magistrate Judge issued Findings and Recommendation recommending that Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed for lack of jurisdiction as Petitioner failed to satisfy the criteria to bring a § 2241 petition pursuant to the escape hatch of 28 U.S.C. § 2255(e). (ECF No. 21). The Findings and Recommendation was served the parties and contained notice that any objections

19
20
21
22
23
24
25
26
27
28

---

[1] The Findings and Recommendation was signed on February 25, 2022, but not docketed until February 28, 2022. (ECF No. 21).

were to be filed within thirty (30) days of the date of service of the Findings and Recommendation. On March 7, 2022, Petitioner filed timely objections. (ECF No. 23). Petitioner also filed a motion for supplement wherein Petitioner provides additional arguments in support of his petition. (ECF No. 22).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's objections and the arguments set forth in the motion for supplement, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

"Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Findings and Recommendation issued on February 28, 2022 (ECF No. 21) is ADOPTED IN FULL;

2.  Respondent's motion to dismiss (ECF No. 18) is GRANTED;

3.  Petitioner's motion for supplement (ECF No. 22) is TERMINATED;

4.  The petition for writ of habeas corpus is DISMISSED;

5.  The Clerk of Court is directed to CLOSE the case; and

6.  The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 14, 2022

SENIOR  DISTRICT  JUDGE